ERIC GRANT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MIGUEL ANGEL GOMEZ TORRES,<br>Defendant. | Case No. 2:19-CR-0231-WBS<br><br>STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER REGULATING DISCOVERY |

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States, by and through Assistant U.S. Attorney David W. Spencer, and defendant Miguel Angel Gomez Torres, through his counsel of record ("Defendant" and "Defense Counsel"), stipulate and agree, and respectfully request that the Court order as follows.

1. The United States shall turn over additional discovery in this case to Defense Counsel, using the "J-" bates designation and beginning with J-0001 (referred to throughout this Stipulation as "the Protected Material"). Disclosure of the Protected Materials to Defense Counsel may be required pursuant to the government's discovery obligations and, even if not required, will facilitate Defense Counsel's preparation for the evidentiary hearing re: sentencing.

/ / /

/ / /

2. The Protected Material is now and will forever remain the property of the United States. The Protected Material is entrusted to Defense Counsel only for purposes of representation of his client at the evidentiary hearing re: sentencing.

3. The purpose of this Order is to establish the procedures that must be followed by Defense Counsel of record, his designated employees, and all other individuals who receive access to this information or these documents in connection with this case.

4. Defense Counsel shall not give the Protected Material to any person other than counsel's staff assisting him in the present evidentiary hearing re: sentencing. The term "staff" shall explicitly include any attorney, paralegal, and investigator assisting Defense Counsel in the present evidentiary hearing re: sentencing and shall explicitly exclude Gomez Torres, any other defendant in this multi-defendant case, any other counsel for the other defendants in this case, or any other person other than those specifically described in this paragraph.

5. Any person receiving access to the Protected Material from Defense Counsel shall be bound by the same obligations as Defense Counsel and, further, may not give the Protected Material to anyone (except that the Protected Material shall be returned to counsel, see, infra).

6. Defense Counsel shall maintain a list of persons to whom any portions or copies of the Protected Material has (or have) been given. Such persons shall be provided with a copy of this Stipulation and Order and shall sign their full name to a copy of the Stipulation and agree to be bound by the Order and note that they understand its terms and agree to them by signing.

7. Defense Counsel may use any and all of the Protected Materials in the vigorous defense of Gomez Torres in the instant case in any manner he deems essential to adequately represent his client (i.e., in motions that are filed under seal, if necessary, in ex-parte applications as may be needed, reproducing and summarizing the protected materials for use in sentencing preparation summaries, exhibits and as evidence, as may be needed), consistent with the Protective Order as it shall be originally prepared and signed. In the event Defense Counsel needs to use the Protected Materials in a manner not authorized under the present Proposed Protective Order, he shall be entitled to seek to have the order amended by the District Court after having given notice to counsel for the government in a hearing

before the District Court in order to meet his obligations under the Sixth Amendment to the United States Constitution.

8. Defense Counsel is authorized to read to Gomez Torres any and all portions of the Protected Materials. Defense Counsel and any members of his staff, however, are prohibited from giving Gomez Torres: the Protected Materials, themselves; copies of the Protected Materials; copies of excerpts of the Protected Materials; or summaries of the Protected Materials. This prohibition will not extend to Gomez Torres viewing these Protected Materials in open court should these materials or summaries thereof be used in the litigation of this case.

9. Within 20 days of the pronouncement of judgment and sentence for Gomez Torres, Defense Counsel shall return any and all copies of the Protected Material and so certify to the attorney for the government. Each person to whom Defense Counsel entrusted a copy of any of the Protected Materials must likewise return them to Defense Counsel after sentencing and said counsel, in turn, shall return them to the government within 20 days of the pronouncement of judgment.

Respectfully Submitted,

ERIC GRANT
United States Attorney

DATE: August 31, 2026

*/s/ David W. Spencer*____
DAVID W. SPENCER
Assistant U.S. Attorney

Dated: August 31, 2026

_*/s/ William F. Portonova*___
WILLIAM F. PORTONOVA
*Attorney for defendant Miguel Angel Gomez Torres*

**O R D E R**

Based upon the agreement of the parties and pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Court adopts the proposed stipulation regulating certain discovery in this case. IT IS HEREBY ORDERED that each of the terms described in the stipulation of the parties shall govern the Protective Materials as defined in the stipulation in this case.

**IT IS SO ORDERED**.

DATED: August 31, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE