UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

Plaintiff,

v.

MIGUEL GOMEZ TORRES,

Defendant.

No. 2:19-cr-00231 WBS

MEMORANDUM AND ORDER RE: MOTION TO COMPEL AND REQUEST FOR PRECLUSION ORDER

----oo0oo----

Defendant Miguel Gomez Torres moves to compel the government to disclose its witness list, offers of proof for intended testimony, and impeachment and prior statement materials. (Mot. to Compel ("Mot.") (Docket No. 545).) Defendant also seeks to enjoin the government from calling any undisclosed witness at the evidentiary hearing. (Id.)

Under the Jencks Act, in a criminal prosecution brought by the United States, "no statement or report in the possession of the United States which was made by a Government witness or

prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). Once a witness has testified on direct examination, a court must, upon the defendant's motion, order the government to produce all the witness's statements in its possession relating to the testimony's subject matter. 18 U.S.C. § 3500(b).

The same requirements apply to sentencing hearings. See Fed. R. Crim. P. 32(i)(2); see also Fed. R. Crim. P. 32 advisory committee's note to 1993 amendment (explaining that the amendment extends Jencks Act procedures to sentencing proceedings and that "[p]roduction of a statement is triggered by the witness's oral testimony"). Accordingly, the Jencks Act (or more accurately, Rule 32's incorporation of the Jencks Act) precludes the court from ordering the government to produce offers of proof for intended testimony and impeachment and prior statement materials.

Defendant acknowledges that "the Jencks Act strictly requires production only after a witness testifies on direct examination." (Mot. at 3.) He nonetheless argues that disclosure is necessary to "avoid the need for a further continuance in the middle of the evidentiary hearing to allow counsel the time necessary for effective preparation." The court rejects this argument. Defense counsel is free to make whatever requests are deemed necessary, including a rest for delay or continuance of the hearing, after he receives the witness statements.

Defendant's motion to compel the government to produce

its witness list, however, is not precluded by the Jencks Act. It is a matter of the court's discretion. See United States v. W.R. Grace, 526 F.3d 499, 510-11 (9th Cir. 2008); see also id. at 512 (indicating that this discretion should be oriented toward fairness and efficiency). Defendant argues that production would promote judicial efficiency and help him "ensure that [his] sentence is not based on unreliable or materially false information." The court is not persuaded. If both sides wish to agree to exchange witness lists, they are free to do so. The court sees no reason to require only one side to disclose the identity of its witnesses.

IT IS THEREFORE ORDERED that defendant's motion to compel and request for a preclusion order (Docket No. 545) be, and the same hereby is, DENIED.

Dated: September 3, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE